UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ASHLI M. KNIGHT,

        Plaintiff,

v.                                    CAUSE NO. 1:22-CV-218-DRL-SLC

JIMMY S. HUFF *et al.*,

        Defendants.

## OPINION AND ORDER

A company employee, after an appreciation dinner, struck another person with a broken glass at a nearby hotel bar. The victim, Ashli Knight, sued Jimmy S. Huff, Welcome Group, Inc. d/b/a Hilton Fort Wayne, Welcome Fort Wayne, LLC d/b/a Hilton Fort Wayne, and Nucor Corporation (through what the amended complaint calls its Vulcraft Division). She alleges negligence. Nucor asks the court to dismiss the claim against it under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion.

## BACKGROUND

Accepting all well-pleaded facts as true and taking all reasonable inferences in Ms. Knight's favor, the following facts emerge. On January 22, 2022, Hilton catered an employee appreciation dinner for Nucor (Vulcraft) employees. Hilton (not Nucor) supplied food and alcohol to employees attending the dinner at the Grand Wayne Center, with the event bar open for six hours.

Mr. Huff, employed at Nucor in its Vulcraft division, attended the dinner. After the dinner, certain attendees, including Mr. Huff, went to the Features Bar at the attached Hilton Hotel.[1] There he hit Ms. Knight in the face with a broken glass, causing severe injuries to her face and left eye. She alleges

---

[1] In response to the motion, Ms. Knight elaborates on the amended complaint's allegations. Though a pleading "may not be amended by the briefs in opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), the court may consider facts in a brief opposing dismissal so long as they are "consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citation omitted); *accord Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) ("elaborations" in briefing may be considered if consistent); *Jones v. Sparta Cmty. Hosp.*, 716 Fed. Appx. 547, 547 (7th Cir. 2018) (same).

that Nucor's hosting of its employee appreciation dinner provided the opportunity for Mr. Huff to harm her, and that Nucor had the ability to control him and breached its duty to exercise such control.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

The court (sitting in diversity) applies Indiana's choice of law rules. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996). Both parties cite Indiana law; and, given no reason to depart from this choice, particularly when Indiana is where Ms. Knight's injuries occurred, the court follows suit. *See Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004); *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987).

As a preliminary matter, Ms. Knight invites the court to forego ruling on duty until discovery. She says it is too early to decide this issue when it depends on specific facts. She cites *WEOC, Inc. v. Niebauer*, 206 N.E.3d 411 (Ind. Ct. App. 2023), but the Indiana Supreme Court vacated this decision when it granted transfer on July 13, 2023, *see WEOC, Inc. v. Adair*, 2023 Ind. LEXIS 420 (Ind. Jul. 13, 2023).

The court sees no cogent rationale to suspend a decision on duty today. Duty is generally a question of law for the court to decide. *See Rhodes v. Wright*, 805 N.E.2d 382, 386 (Ind. 2004); *see, e.g., Sims v. Humane Soc'y*, 758 F. Supp.2d 737, 750-51 (N.D. Ind. 2010) (dismissing negligence claims without plausible allegations supporting duty). The court sees no issue with proceeding to decide this motion, not least given the obligation under the law to plead plausible claims. *See Twombly*, 550 U.S. at 570. This is particularly true when Ms. Knight amended her complaint eight months after her initial filing and after enjoying the benefit of discovery. Her understanding of the claim has not diminished.

Ms. Knight alleges negligence—more precisely a negligent supervision claim—against Nucor. The theory of negligent supervision (or retention) seeks to impose liability on an employer when its employee "steps beyond the recognized scope of his employment to commit a tortious injury upon a third party[.]" *Clark v. Aris, Inc.*, 890 N.E.2d 760, 765 (Ind. Ct. App. 2008) (emphasis removed). This claim requires proof of duty, its breach, causation, and damages. *See Cmty. Health Network v. McKenzie*, 185 N.E.3d 368, 379 (Ind. 2022); *Scott v. Retz*, 916 N.E.2d 252, 257 (Ind. Ct. App. 2009).

In determining whether an employer owes a duty of care to a third-party like Ms. Knight in a negligent supervision case, Indiana law follows both the Restatement (Second) of Torts § 317 and those factors generally applied to impose a duty of care—namely, the relationship between the parties, the reasonable foreseeability of harm to the person injured, and public policy. *See Looney v. Nestle Waters N. Am., Inc.*, 187 N.E.3d 867, 873 (Ind. Ct. App. 2022). Section 317 imposes a duty on an employer to exercise reasonable control over his employee while acting outside the scope of his employment to prevent intentional harm to others when the employee is on the premises within the employer's possession or using the employer's chattel, *and* the employer "knows or has reason to know that he has the ability to control his [employee], and [] knows or should know of the necessity and opportunity for exercising such control." *Id.* at 872-73 (quoting Restatement (Second) of Torts § 317).

Under either analysis, the law forecloses a duty on Nucor (Vulcraft) here. Starting with § 317, Ms. Knight has not alleged that Nucor's employee was on its property (or property it possessed) or using the

3

company's property when the incident occurred. Quite to the contrary, Ms. Knight elaborates on the complaint in such a way that would preclude any such findings.

Similarly, though Ms. Knight alleges the conclusion that Nucor had the ability to control its employee and knew of the need to exercise such control, the amended complaint offers no facts—none at all—that make such a claim plausible, particularly when Hilton supplied the alcohol at the event and at the bar, and when this incident occurred only after the appreciation dinner at this different location (the bar). Nothing plausible has been alleged to suggest Nucor knew that either it had the ability to control its employee after-hours at a separate location or it needed to do so. Ms. Knight has not offered facts consistent with the amended complaint that might indicate Nucor's knowledge of the employee's incapacitation or aggression.

Nor does public policy, the parties' relationship, or foreseeability favor imposing such a duty. Nucor never required its employee to attend this after-hours gathering at a separate bar and never served its employee alcohol there or at the prior appreciation dinner. Nothing has been alleged to suggest plausibly that Nucor could foresee this random intentional crime to a general member of the public patronizing this bar. *See Rogers v. Martin*, 63 N.E.3d 316, 325 (Ind. 2016) (explaining that foreseeability involves an evaluation of the broad type of plaintiff and harm generally, not the specific facts of the occurrence); *see, e.g., Looney*, 187 N.E.3d at 873-74 (employer owed no duty when its intoxicated employee clocked out and sixteen minutes later killed another driver when his employer had not given him the car or alcohol, had not required him to drive, and remained unaware he was intoxicated at work). Nothing plausible suggests that bar patrons face an appreciable risk of harm from a battery merely because another patron has just arrived from an employee recognition dinner. *See also Doe v. Vigo Cnty.*, 905 F.3d 1038, 1046 (7th Cir. 2018). Public policy does not stretch so far as to favor a duty here—so far beyond the employer's traditional scope of influence vis-à-vis customers or other business invitees.

Ms. Knight advances *Gariup Constr. Co. v. Foster*, 519 N.E.2d 1224 (Ind. 1988), but the employer there hosted the party, on its premises, and furnished the alcohol. The company's president was present.

4

The company knew of a drinking game that occurred, knew of its employee's intoxicated state (he had between six and eight shots of whiskey in approximately 30-40 minutes after several beers), and despite that let the employee drive home when he collided with another vehicle. *See id.* at 1226, 1229. The case for imposing a duty on the employer there is altogether different than the case here. That said, a dismissal with prejudice would be inappropriate, despite the benefit of discovery and an amended complaint already, when discovery might present different facts, even if unlikely given what has been alleged or argued to date. *See* Fed. R. Civ. P. 15(a); *Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008).

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss for failure to state a claim and DISMISSES without prejudice Ms. Knight's claim of negligence against Nucor (Vulcraft) only [ECF 40]. The case proceeds against the other parties accordingly.

SO ORDERED.

August 18, 2023                           s/ *Damon R. Leichty*
                                          Judge, United States District Court